UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BOBBIE J. MALONEY**                           **CIVIL ACTION**

**VERSUS**                                      **NO: 06-9183-MLCF-SS**

**STATE FARM FIRE & CASUALTY CO.**

## REPORT AND RECOMMENDATION

Before the undersigned is the motion of the defendant, State Farm Fire & Casualty Company ("State Farm"), for sanctions. For the reasons described below, it is recommended that the petition of the plaintiff, Bobby Jean Maloney ("Maloney"), be dismissed with prejudice at her cost.

On August 26, 2006, Maloney filed a petition in state court for a claim against her insurer, State Farm, for damage to her residence located at 6402 Milne Boulevard, New Orleans, arising out of Hurricane Katrina. The case was removed to federal court. Rec. doc. 1. The record demonstrates that notices which were sent by the Clerk to the Milne Boulevard address on December 18, 2006, January 25, 2007, March 6, 2007 and May 18, 2007, were returned as undeliverable.

On July 24, 2007, a preliminary pretrial conference was held at which time Maloney was not available. The discovery deadline is July 28, 2008, the pretrial conference is set for August 28, 2008 and trial is set for September 8, 2008. Rec. doc. 28.

On January 31, 2008, State Farm filed a motion to compel discovery. It reported that interrogatories and a request for production of documents were served on October 27, 2006, but Maloney did not respond. It sought an order requiring Maloney to respond to the written discovery and provide the information required by Case Management Order No. 1. Rec. doc. 32. On February 1, 2008, State Farm filed a motion to supplement its motion to compel. It reported that mail sent to

6402 Milne Boulevard was returned as undeliverable, but it was able to serve Maloney by mail at 78 Repass Avenue, Harahan, Louisiana 70123-5014. Rec. doc. 34.

On February 8, 2008, Maloney was ordered to: (1) provide the Clerk of Court with her current address and report any changes in her address to the Clerk of Court; (2) respond to State Farm's written discovery within the delays permitted by the Federal Rules of Civil Procedure; and (3) file an opposition to State Farm's motion to compel. The order notified Maloney that if she failed to comply, her case could be dismissed with prejudice. The Clerk was directed to send copies of the order to Maloney at the Milne Boulevard and the Harahan addresses. Rec. doc. 35. She did not comply with the February 8, 2008 order. State Farm's motion to compel was granted and Maloney was ordered to respond to its discovery within ten (10) working days. She was instructed to provide the Clerk with her current address and was cautioned a second time that failure to comply might result in the dismissal of her suit. The Clerk was directed to mail the order to both addresses. Rec. doc. 36.

On March 14, 2008, State Farm reported that Maloney did not comply with the February 28, 2008 discovery order and moved for sanctions. Rec. doc. 37. The motion was set for April 2, 2008. The order setting the motion provided that:

> If Maloney does not demonstrate in her memorandum good cause for not complying with the February 28, 2008 order, it will be recommended that her complaint be dismissed with prejudice and this litigation will be terminated in favor of State Farm.

Rec. doc. 38 at 2. Maloney has not filed anything.

The authority of a federal trial court to dismiss a plaintiff's action because of her failure to prosecute is clear. See Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, (1962). Fed. R. Civ. P. 41(b) of the Federal Rules of Civil Procedure provides that a Court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any

order of the Court.  Larson v. Scott, 157 F.3d 1030, 1032 (5th Cir. 1998); Hulsey v. State of Tex., 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987).  Such a dismissal is considered to be an adjudication on the merits.  Hughes v. City of Houston, 78F.3d 983, 994 (5th Cir. 1996).  The court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases.  See Ramsay v. Bailey, 531 F.2d 706, 707-08 (5th Cir. 1976), cert. denied, 429 U.S. 1107, 97 S. Ct. 1139.

In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than her counsel, is responsible for the delay or failure to comply with the Court's order.  Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986).  Since the plaintiff is unrepresented, this Court need only consider her conduct in determining whether dismissal of this action is proper under Rule 41(b).  A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.  Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994).  A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.  Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

A careful review of the record demonstrates that Maloney has not done anything in furtherance of her claim since her suit was removed to federal court.  She has not complied with the requirement in the Local Rules that she provide the Clerk with her current address; she has not responded to State Farm's discovery; she has not complied with the discovery orders issued by the undersigned; and she has ignored the warnings that her action would be dismissed.  Accordingly,

RECOMMENDATION

IT IS RECOMMENDED that State Farm's motion for sanctions (Rec. doc. 32) be GRANTED and Maloney's petition be dismissed with prejudice at her cost.

OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 1st day of April, 2008.

                    **SALLY SHUSHAN**
                    **United States Magistrate Judge**

Clerk to mail copy to

Bobbie Jean Maloney
6402 Milne Boulevard
New Orleans, Louisiana 70124

    and

Bobby Jean Maloney
78 Repass Avenue
Harahan, Louisiana 70123-5014.